## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARLES LADUE<br>▮▮▮▮▮▮▮▮<br>East Syracuse, New York ▮▮▮, | * | |
| | * | |
| Plaintiff, | * | Case No. <u>5:22-cv-304 (MAD/ML)</u> |
| v. | * | |
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, Florida 32202 | * | |
| | * | |
| Serve: | * | |
|     CT CORPORATION SYSTEM<br>    28 Liberty Street<br>    New York, New York 10005 | * | |
| | * | |
| Defendant. | * | |

### COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Charles LaDue, by and through counsel, Daniel R. Santola and Powers & Santola, L.L.P., sues CSX Transportation, Inc., and as causes of action states as follows:

1.    Plaintiff Charles LaDue is a citizen of New York.

2.    Defendant, CSX Transportation, Inc., is a railroad corporation, organized and existing under and by virtue of the laws of the State of Florida, and is doing substantial business within the jurisdiction of this Court as an interstate common carrier of freight within the jurisdiction of the Court.

3.    The Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. § 133 and the Federal Employers Liability Act, 45 U.S.C. § 51, et seq.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in this venue, and 28

U.S.C. § 1391(b)(2) inasmuch as Defendant's principal place of business is in Florida and it is doing business throughout the eastern states, including New York, and it engages in carrying freight for hire between and through various states in the eastern portion of the United States.

5.      Plaintiff's action arises under the Acts of Congress of April 22, 1908, 35 Stat. Chapter 149, with amendments thereto, commonly known as the Federal Employers Liability Act (45 U.S.C. § 51-60 ("FELA").

6.      At all times herein mentioned, the Plaintiff and Defendant were engaged in interstate commerce and all trackage, cars, equipment, and premises involved were under the control of the Defendant.

7.      On or about April 5, 2019, the Plaintiff, Charles LaDue, sustained severe injuries while in the employ of the Defendant as a Conductor, in its DeWitt Yard, 6228 Fremont Road, East Syracuse, New York. On that date, the Plaintiff, in the course of his duties, was dismounting Car # UTLK 209491. There was a steady rain coming down at this time. As the Plaintiff walked to the south end of the platform of the car, and while holding the handrail with both hands, his feet slipped off the end of the platform causing him to slide down hitting his ribs and left arm on the platform and fall from the platform. Prior to the time this incident occurred, there was oil in the gage of the railroad tracks and other areas where Plaintiff was required to walk while he was working. The presence of the oil in the gage of the railroad tracks and other areas where Plaintiff was required to walk was a dangerous condition well known to Defendant at the time. It was caused by oil leaking from a locomotive in the area that was not controlled in a proper and safe manner. Plaintiff was not warned of the danger presented by the oil and, as a result, the soles of his shoes became covered with oil and created a slippery and dangerous condition unknown to

Plaintiff at the time. As the result of the slippery and oil covered condition of the soles of his shoes, Plaintiff slipped as aforementioned.

## COUNT I – NEGLIGENCE UNDER THE FEDEERAL EMPLOYERS LIABILITY ACT

8.      Defendant owed to Plaintiff a non-delegable duty to provide a reasonably safe place in which to work.

9.      The aforesaid injury was caused by the negligence of Defendant, its agents, and employees in the premises in that:

a.  It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

b.  It failed to properly inspect the area where the Plaintiff was required to work;

c.  It failed to properly maintain the area where the Plaintiff was required to work;

d.  It failed to warn the Plaintiff of the oil located in the gage of the railroad tracks and other areas where Plaintiff was required to walk while he was working;

e.  It failed to properly control the oil leaking from the locomotive in the area where the Plaintiff was working;

f.  It was otherwise careless, reckless, and negligent.

10.      As a result of the negligence of the Defendant as hereinabove set forth, the Plaintiff was seriously and permanently injured. The Plaintiff's injuries include injuries to his left shoulder and ribs, some, or all of which may be permanent, and which has necessitated surgical intervention to his left shoulder.

11.      As a further result of the negligence of the Defendant as herein above set forth, the Plaintiff has in the past and will in the future incur substantial medical and other expense in an effort to cure and rehabilitate himself from these injuries.

12.     Prior to his injuries, the Plaintiff was a strong able-bodied man, is presently 65 years of age, was earning between One Hundred and Ten Thousand Dollars ($110,000.00) and One Hundred and Fifteen Thousand Dollars ($115,000.00) per year, but by reason of his injuries, he has lost considerable time from his regular occupation; he has lost wages; he has incurred and will incur in the future, medical expense for treatment of his injuries, and has been precluded from performing many of his usual activities as a result of the injuries sustained .   Further, the Plaintiff was unable to return to his position with the Defendant due to his extensive injury resulting from the April 5, 2019 accident.

WHEREFORE, Plaintiff, Charles LaDue, demands judgment against Defendant, CSX Transportation, Inc. in an amount to be determined by the Jury, together with interest and costs.

## COUNT II – NEGLIGENCE PER SE, LOCOMOTIVE INSPECTION ACT AND FEDERAL RAILROAD SAFETY AUTHORIZATION ACT

13.     Plaintiff adopts and incorporates by reference all the facts and allegations contained above.

14.     The locomotive that caused the Plaintiff's injuries was not safe to operate in the service to which it was put without unnecessary peril the life and limb, in that the locomotive exposed the Plaintiff to the oil that coated the soles of this shoes and lead to his injury, in violation of the Locomotive Inspection Act, 49 U.S.C. § 20701.

15.     The Plaintiff's injuries are a result of the fact that the locomotive was leaking oil.

16.     These conditions resulted from parts and appurtenances of the locomotive that were not in proper condition and not safe to operate without unnecessary danger of personal injury as required by 49 U.S.C. Section 20701, a law enacted for the safety of railroad workers. The Defendant is strictly liable to the Plaintiff because of these violations of 49 U.S.C. Section 20701.

17.     The Plaintiff is currently unadvised of other federal safety laws and/or regulations that the Defendant and/or its agents may have violated but he reserves the right to rely on other safety law/regulation violations shown during discovery, including but not limited to FRA track safety standards and locomotive safety standards.

18.     As a further result of the Defendant's violation of the above-described Acts, the Plaintiff was seriously and permanently injured. Plaintiff's injuries include injuries to his left shoulder and ribs, some, or all of which may be permanent, and which has necessitated surgical intervention to his left shoulder.

19.     As a further result of the Defendant's violation of the above-described Act, Plaintiff has in the past and will in the future incur substantial medical and other expense in an effort to cure and rehabilitate himself from these injuries.

20.     Prior to his injuries, the Plaintiff was a strong able-bodied man, is presently 65 years of age, was earning between  One Hundred and Ten Thousand Dollars ($110,000.00) and One Hundred and Fifteen Thousand Dollars ($115,000.00) per year, but by reason of his injuries, he has lost considerable time from his regular occupation; he has lost wages; he has incurred and will incur in the future, medical expense for treatment of his injuries, and has been precluded from performing many of his usual activities as a result of the injuries sustained.   Further, the Plaintiff was unable to return to his position with the Defendant, due to his extensive injury resulting from the April 5, 2019, accident.

WHEREFORE, Plaintiff, Charles LaDue, demands judgment against Defendant, CSX Transportation, Inc. in an amount to be determined by the Jury, together with interest and costs.

Respectfully submitted,

DANIEL R. SANTOLA, Esquire
Powers & Santola, L.L.P.
100 Great Oaks Boulevard, Suite 123
Albany, NY 12203
Phone: (518) 465-5995
Fax: (518) 426-4012
dsantola@powers-santola.com
*Counsel for Plaintiff*

TO BE ADMITTED PRO HAC VICE
P. MATTHEW DARBY, ESQUIRE
Darby Law Group, L.L.C.
201 International Circle, Suite 230
Hunt Valley, MD 21030
Phone: (833) 601-7245
Fax: (667) 770-6660
matt@darby-lawgroup.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

CHARLES LADUE                                    *
█████████████████
East Syracuse, New York ████,                    *

      Plaintiff,                          *          Case No. _____

      v.                                  *

CSX TRANSPORTATION, INC.                         *
500 Water Street
Jacksonville, Florida 32202                      *

Serve:                                           *
      CT CORPORATION SYSTEM
      28 Liberty Street                    *
      New York, New York   10005
                                                 *
Defendant.

## **REQUEST FOR JURY TRIAL**

      Plaintiff, Charles LaDue, by and through undersigned counsel, requests a Jury Trial on

the issues presented herein.

DANIEL R. SANTOLA, Esquire
Powers & Santola, L.L.P.
100 Great Oaks Boulevard
Suite 123
Albany, NY    12203
Phone: (518) 465-5995
Fax: (518) 426-4012
dsantola@powers-santola.com
*Counsel for Plaintiff*